1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

GENE M. DANIELS,                        )    1:08-CV-01590 AWI MJS HC
11                                       )
                    Petitioner,          )    FINDINGS AND RECOMMENDATION
12                                       )    REGARDING RESPONDENT'S MOTION
            v.                           )    TO DISMISS
13                                       )
                                         )    [Doc. 26]
14   T. FELKER, Warden                   )
                                         )
15                  Respondent.          )
                   _____    )
16

17        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19   I.     **BACKGROUND**[1]

20        Following Petitioner's conviction by jury of the continuous sexual abuse of a child under

21   the age of 14 years (Cal. Penal Code § 288.5) after having served a prior prison term (Cal.

22   Penal Code § 667.5(d)). (See Op. of Cal. Ct. of Appeal at 2, Lodged Doc. 3.), the Superior

23   Court of California, County of Fresno, sentenced Petitioner to a total determinate prison term

24   of thirteen years. Id.  Petitioner is currently in the custody of the California Department of

25   Corrections pursuant to that judgment and sentence. Id.

26        Petitioner appealed his conviction based on the sole argument that the trial court erred

27   _____

28        [1]This information is derived from the petition for writ of habeas corpus and Respondent's motion to
     dismiss the petition.

1   in using California criminal jury instruction 226. (Second Am. Pet. 2.)  The California Court of

2   Appeal, Fifth Appellate District affirmed the judgment of the trial court (Appeal Op. at 9.), and

3   the California Supreme Court denied Petitioner's petition for review (Sup. Ct. Cal. Op., Lodged

4   Doc. 4.).

5       On June 16, 2008, Petitioner filed the instant petition for writ of habeas corpus in this

6   Court. (Pet.) On March 16, 2009, Respondent filed a motion to dismiss the petition on the

7   ground that Petitioner failed to exhaust state remedies. (Mot. to Dismiss., ECF No. 18.) As

8   noted by Respondent, Petitioner initially raised five claims different from the claim he

9   presented in his California state appeals. However, Petitioner later filed a first and second

10  amended petition after Respondent filed the present motion to dismiss.[2] (First Am. Pet.,

11  Second Am. Pet., ECF Nos. 23-24.) The second amended petition contains a single claim

12  regarding the use of California criminal jury  instruction 226. (Second Am. Pet.)

13  **II.   DISCUSSION**

14      **A.   Procedural Grounds for Motion to Dismiss**

15      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

16  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

17  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

18  Cases.

19      The Court of Appeals for the Ninth Circuit has allowed respondents to file a motion to

20  dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state

21  remedies or for being in violation of the state's procedural rules. See, e.g., O'Bremski v.

22  Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition

---

23

24      [2]The procedural aspects of the present case are somewhat complex. It appears  Respondent attempted
    to electronically file his motion to dismiss on March 16, 2009, but failed to submit the correct documents.

25  Apparently, Respondent did nevertheless  properly serve Petitioner with the motion to dismiss because Petitioner
    then amended his federal petition to claim that he had exhausted state appeals.  By the time the Court ordered

26  Respondent to resubmit the motion to dismiss, nearly four months had passed since Petitioner had filed his
    second  amended petition.  Petitioner should have obtained leave of court to file the amended petitions; however,

27  leave to amend is freely given, Fed. R. Civ. P. 15(a)(2), and, considering the length of time the amended petitions
    have been on file, considering the fact it is unlikely respondent is prejudiced by their filing–Petitioner raised some

28  jury instructions issues in his original petition (Pet. at 33.)– and considering the Court's interest in judicial
    economy,  the Court allows the amended filings.

1  for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989)

2  (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default);

3  <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent

4  can file a motion to dismiss after the court orders a response, and the Court should use Rule

5  4 standards to review the motion.  <u>See Hillery</u>, 533 F. Supp. at 1194 & n. 12.  Based on the

6  Rules Governing Section 2254 Cases and case law, the Court will review Respondent's

7  motion for dismissal pursuant to its authority under Rule 4.

8  **B.   Exhaustion of State Remedies**

9  A petitioner who is in state custody and wishes to collaterally challenge his conviction

10 by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. §

11 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state

12 court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman</u>

13 <u>v. Thompson</u>, 501 U.S. 722, 731 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo</u>

14 <u>v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

15 A petitioner can satisfy the exhaustion requirement by providing the highest state court

16 with a full and fair opportunity to consider each claim before presenting it to the federal court.

17 <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971);

18 <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest

19 state court was given a full and fair opportunity to hear a claim if the petitioner has presented

20 the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal

21 basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

22 Additionally, the petitioner must have specifically told the state court that he was raising

23 a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666,

24 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th

25 Cir.1999).  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

26 In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that
   exhaustion of state remedies requires that petitioners "fairly
27 presen[t]" federal claims to the state courts in order to give the
   State the "'opportunity to pass upon and correct alleged violations
28 of the prisoners' federal rights" (some internal quotation marks

1    omitted). If state courts are to be given the opportunity to correct
2    alleged violations of prisoners' federal rights, they must surely be
     alerted to the fact that the prisoners  are asserting claims under
3    the United States Constitution. If a habeas petitioner wishes to
     claim that an evidentiary ruling at a state court trial denied him the
     due process of law guaranteed by the Fourteenth Amendment, he
4    must say so, not only in federal court, but in state court.

5    Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

6          Our rule is that a state prisoner has not "fairly presented" (and
           thus exhausted) his federal claims in state court *unless he*
7          *specifically indicated to that court that those claims were based on*
           *federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th
8          Cir. 2000). Since the Supreme Court's decision in Duncan, this
           court has held that the *petitioner must make the federal basis of*
9          *the claim explicit either by citing federal law or the decisions of*
           *federal courts, even if the federal basis is "self-evident,"* Gatlin v.
10         Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
           Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would
11         be decided under state law on the same considerations that would
           control resolution of the claim on federal grounds. Hiivala v. Wood,
12         195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88
           F.3d 828, 830-31 (9th Cir. 1996); . . . .
13
           In Johnson, we explained that the petitioner must alert the state
14         court to the fact that the relevant claim is a federal one without
           regard to how similar the state and federal standards for reviewing
15         the claim may be or how obvious the violation of federal law is.

16   Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

17        In this case, Respondent correctly argues that the claims Petitioner originally raised in

18   his federal Petition remain unexhausted because Petitioner failed to "fairly present" them to

19   the state courts. However, Petition has amended his petition to include a single claim alleging

20   improper use of California Jury instruction 226. (See Second Am. Pet.) As noted, that claim

21   has been presented to the state courts.

22        Petitioner's amended petition supercedes the original petition. Forsyth v. Humana, Inc.,

23   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). "All

24   causes of action alleged in an original complaint which are not alleged in an amended

25   complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644

26   F.2d 811, 814 (9th Cir. 1981)). Further, Petitioner has alleged that he has presented such a

27   claim to the California Supreme Court for review. (Second Am. Pet. at 2.) Accordingly, it

28   appears from the face of the Second Amended Petition that Petitioner has exhausted his state

1  remedies with regard to his remaining claim. Thus, this motion to dismiss should be denied.

2  *///*

3

4  **C.      RECOMMENDATION**

5  Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for failure

6  to exhaust state remedies be DENIED.

7  This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,

8  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and

9  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District

10  of California. Within thirty (30) days after the date of service of this Findings and

11  Recommendation, any party may file written objections with the Court and serve a copy on all

12  parties. Such a document should be captioned "Objections to Magistrate Judge's Findings

13  and Recommendation."  Replies to the Objections shall be served and filed within fourteen

14  (14) days after service of the Objections.  The Finding and Recommendation will then be

15  submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C.

16  § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time

17  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

18  (9th Cir. 1991).

19

20

21

22

23

24  IT IS SO ORDERED.

25  Dated:   __July 20, 2010__                    __/s/ *Michael J. Seng*__

26                                                            UNITED STATES MAGISTRATE JUDGE

27

28