# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE M. DANIELS, | 1:08-cv-01590 AWI MJS HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| MIKE MCDONALD, Warden, | (Doc. 31) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent[1] is represented in this action by George M. Hendrickson, Esq., of the Office of the Attorney General for the State of California.

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following a jury verdict on February 21, 2006, finding Defendant guilty of continuous sexual abuse of a child

---

[1] Respondent has notified the Court that Petitioner is housed at High Desert State Prison where Mike McDonald serves as the current warden. The Court shall substitute Mr. McDonald as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

1 under the age of 14 in violation of California Penal Code section 288.5 and various
2 enhancements. (See Pet. at 1, ECF No. 1.) Based on the offense and prior convictions,
3 Petitioner was sentenced to serve a determinate term of 12 years. (Id.) On April 4, 2007, the
4 California Court of Appeal, Fifth Appellate District, affirmed the judgment. (See LD[2] No. 2.)
5 Petitioner's request for California Supreme Court review was denied on June 13, 2007. (See
6 LD No. 4.) Petitioner did not file any state post-conviction collateral challenges.

7 On June 12, 2008[3]; Petitioner filed the instant federal petition for writ of habeas corpus
8 in this Court. Petitioner then filed an amended petition with this Court on July 16, 2010[4]. A
9 second amended petition was filed on October 26, 2009; it appears to be identical to the first
10 amended petition. On October 18, 2010, Respondent filed a motion to dismiss the petition as
11 being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d).
12 Petitioner filed opposition to Respondent's motion to dismiss on February 25, 2011. On March
13 8, 2011, Respondent filed a reply to Petitioner's opposition.

14 **II.    DISCUSSION**

15     **A.    Procedural Grounds for Motion to Dismiss**

16 Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
17 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is
18 not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254
19 Cases.

20 The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

---

22 [2]"LD" refers to documents lodged with Respondent's motion to dismiss.

23 [3] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on
the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk.
487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness
of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir.
2001), *citing* Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions
filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of
the Rules Governing Section 2254 Cases. Although the petition was filed on June 16, 2008, pursuant to the
mailbox rule the Court considers the petition filed on June 12, 2008, the date Petitioner signed the petition.

28 [4]While the petition was filed on July 22, 2009, the petition shall be deemed filed on July 16, 2010, the date
Petitioner signed the petition.

1 answer if the motion attacks the pleadings for failing to exhaust state remedies or being in
2 violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
3 Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
4 remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
5 grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.
6 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss
7 after the Court orders a response, and the Court should use Rule 4 standards to review the
8 motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

9 In this case, Respondent's motion to dismiss is based on a violation of the one-year
10 limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar
11 in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state
12 procedural default and Respondent has not yet filed a formal answer, the Court will review
13 Respondent's motion to dismiss pursuant to its authority under Rule 4.

14 **B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

15 On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
16 of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for
17 writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117
18 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

19 In this case, the petition was filed on June 16, 2008, and therefore, it is subject to the
20 provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners
21 seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As
22 amended, § 2244, subdivision (d) reads:

23 (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
24 The limitation period shall run from the latest of –

25 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

26

27 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

28

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the Petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on June 13, 2007. The state appeal process became final ninety days later, on September 11, 2007, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on September 12, 2007. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner had one year from September 12, 2007, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. Petitioner filed the instant petition on June 12, 2008, within the statute of limitations period. However, Respondent asserts that the claims at issue were first filed in the amended petition on July 16, 2010 and do not relate back to the original petition. Absent relation back, the later commencement of the statute of limitations, or any applicable tolling, the claims in the amended petition are barred by the statute of limitations. Petitioner has made no showing that the statute of limitations should commence at a later date under § 2244(d)(1)(B)-(D). Accordingly, Petitioner may only rely on relation back and equitable tolling to attempt to show that this petition is not barred by the statute of limitations.

  **C.**  **Relation Back Under Federal Rule of Civil Procedure 15(c)**

"Congress enacted AEDPA to advance the finality of criminal convictions by imposing

'a tight time line' in the form of a one-year time limit on state prisoners seeking to challenge their convictions in federal court." Hebner v. McGrath, 543 F.3d 1133, 1137 (9th Cir. 2008) (citing Mayle v. Felix, 545 U.S. 644 at 662 (2005)). Habeas petitions may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The Federal Rules of Civil Procedure allow for amendments made after the statute of limitations has run to "relate back" to the date of the original pleading when the amended pleading arises "out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1).

In Mayle, the United States Supreme Court narrowly interpreted the meaning of "conduct, transaction, or occurrence" that allows for an amended claim to relate back. Hebner, 543 F.3d at 1138 ("[The Ninth Circuit] previously interpreted broadly 'conduct, transaction, or occurrence' to allow the relation back of an amended claim as long as it stems from the same trial, conviction, or sentence as the original. In Mayle, the Supreme Court rejected our construction as 'boundless,' because '[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence.'" Mayle, 545 U.S. at 656-57, 661.) Ultimately, an amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650; see also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) (restating the Mayle standard despite the fact that pro se habeas petitions are normally liberally construed.).

In the amended petition, Petitioner asserts that California Criminal Jury Instruction 226 impermissibly shifted the burden of proof in violation of the Fourteenth Amendment and that the erroneous instruction was prejudicial. (Am. Pet. at 2, ECF No. 23.) In Petitioner's original petition, he raised five claims, including, (1) the sentence was in violation of the Constitution and laws of the United States, (2) ineffective assistance of counsel, (3) prosecutorial misconduct, (4) insufficient evidence, and (5) the grand jury procedures were in violation of the Fifth Amendment. (Pet. at 7.) In Petitioner's third claim of his original petition, he states

that the failure to provide a jury instruction is a ground for reversal of a conviction. (Pet. at 43.) However, in the amended petition, Petitioner raises the claim that an improper jury instruction was given. (Id.) Specifically, he asserts than an improper jury instruction was given regarding his credibility and whether his testimony should be believed. (Id.)

Based on the narrowly prescribed definition of "conduct, transaction, or occurrence" under Mayle, Petitioner's claim does not relate back. The claim is supported by facts that differ in both time and type from those of the original pleading. Mayle, 545 U.S. at 650. The claim is different in type than the claims raised in his original petition. The original petition does not state any claims regarding jury instructions, except in passing reference to his prosecutorial misconduct claim. That claim discussed the failure to provide a jury instruction rather than providing an improper jury instruction. Additionally, the claim in the amended petition relates to a different time of the proceeding than the claims raised in the original petition. Petitioner did not assert any other claims regarding instructional error relating to jury deliberation in the original petition. Petitioner's multiple claims in the original petition regarding other aspects of the trial are not sufficient to allow for relation back where the amended petition focuses on factual underpinnings that were not specifically described in the original petition.

Petitioner, in his traverse, asserts that Respondent has waived the statute of limitations defense, as it was not raised in the first motion to dismiss.[5] Petitioner's claim lacks merit. Respondent did raise the defense at the first opportunity. The defense was raised after Petitioner filed his first amended petition, which created the factual scenario in which a statute of limitations defense became relevant. "Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto." Day v. McDonough, 547 U.S. 198, 202 (2006) (citing Fed. R. Civ. Proc. 8(c), 12(b), and 15(a)). However, the Supreme Court has cautioned against a strict application of potential waiver of affirmative defenses in habeas cases. Day, 547 U.S. at 208 (agreeing with the State's argument that "[t]he considerations of comity, finality, and the expeditious handling of habeas

---

[5] Respondent filed a motion to dismiss in response to the original petition. (Mot. to Dismiss, ECF No. 18.) That motion to dismiss was filed before Petitioner amended the petition.

proceedings that motivated AEDPA... counsel against an excessively rigid or formal approach to the affirmative defenses now listed in Habeas Rule 5."). Further, "a court must accord the parties fair notice and an opportunity to present their positions." Id. at 210; see also Robinson v. Johnson, 313 F.3d 128, 135-136 (3rd Cir. 2002) ("Consistent with the purpose of Rule 8(c), courts require that defendants assert a limitations defense as early as reasonably possible.")

Respondent, in his motion to dismiss, asserts that Petitioner's claims are barred by the statute of limitations as they do not relate back to the claims presented in the original petition. The defense did not arise until Petitioner filed the amended petition. The present motion to dismiss was the first opportunity to present defense. Petitioner's claim that the statute of limitations defense is waived is without merit.

Petitioner asserts in his traverse that the claims should relate back based on his actual innocence. Actual innocence is not relevant to the relation back doctrine under Federal Rule of Civil Procedure 15(c). Petitioner's actual innocence claims are addressed separately below. Accordingly, Petitioner's amended petition does not relate back to the same transaction or occurrence as set forth in the original petition. Petitioner's claims are barred by the statute of limitations unless otherwise tolled.

### D.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). Petitioner did not file any post-conviction collateral relief and is therefore not entitled to statutory tolling.

### E.     Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th

<a>
</a>

<p></p>

Cir. 1996). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner presents several reasons why the Court should be lenient and disregard Respondent's motion to dismiss including ignorance of the law and difficulty in finding assistance from other inmates to prepare his petition.

The federal courts have duty to construe pro se pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir.1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quotation omitted)). Consistent with such duty, the Court shall consider Petitioner's grounds for lenience as potential grounds for equitable tolling, and review them in turn.

### 1. Ignorance of the Law

Petitioner claims he should be entitled to equitable tolling because he is uneducated and does not have knowledge of the law. This claim for equitable tolling must fail. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se lack of legal sophistication is not an extraordinary circumstance warranting equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999), (inmate's lack of legal training, a poor education, or illiteracy does not give a court reason to toll the limitations period); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner's circumstances are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Accordingly, his ignorance of the law is not an extraordinary circumstance entitling Petitioner to equitable tolling.

### 2. Assistance from Other Inmates

Additionally, Petitioner's claim of equitable tolling based on difficulty in finding assistance from other inmates must fail. The actions of fellow inmate assistants which result in an untimely petition do not constitute extraordinary circumstances sufficient to justify equitable tolling. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir. 1988); Hughes v. Idaho Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

**F.  Actual Innocence**

Petitioner's traverse discussed the applicability of the actual innocence exception to the

1 statue of limitations. (Traverse, ECF No. 38.) "Under Schlup v. Delo, 513 U.S. 298 (1995), a
2 petitioner's otherwise-barred claims [may be] considered on the merits... if his claim of actual
3 innocence is sufficient to bring him within the narrow class of cases... implicating a
4 fundamental miscarriage of justice." Majoy v. Roe, 296 F.3d 770, 775 (9th Cir. 2002) (quoting
5 Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir. 1997) (en banc) (quoting Schlup, 513 U.S.
6 298) (quotations omitted). In order to pass through Schlup's gateway, and have an otherwise
7 barred constitutional claim heard on the merits, a petitioner must show that, in light of all the
8 evidence, including evidence not introduced at trial, "it is more likely than not that no
9 reasonable juror would have found petitioner guilty beyond a reasonable doubt." Majoy, 296
10 F.3d 775-776 (quoting Schlup, 513 U.S. at 327).

11 Neither the United States Supreme Court nor the Ninth Circuit has addressed whether
12 a habeas petitioner's demonstration of probable innocence may excuse his noncompliance
13 with the AEDPA statute of limitations.[6] See Majoy, 296 F.3d at 776 (declining to answer
14 whether "surviving the rigors of this gateway [under Schlup] has the consequence of overriding
15 AEDPA's one-year statute of limitation.").

16 Regardless, under the Schlup standard referenced in Majoy v. Roe, to show actual
17 innocence sufficient to overcome a procedural default, a petitioner must furnish "'new reliable
18 evidence . . . that was not presented at trial.'" See House v. Bell, 547 U.S. 518, 537 (2006)
19 (quoting Schlup, 513 U.S. at 324; ellipses added); Griffin v. Johnson, 350 F.3d 956, 963 (9th
20 Cir. 2003). Even assuming arguendo that Schlup's "actual innocence" exception extends to
21 Petitioner's claims of improper jury instruction, see Dretke v. Haley, 541 U.S. 386, 393-94
22 (2004) (declining to address the issue whether "actual innocence" exception extends to
23 challenges to noncapital sentences), Petitioner has failed to present any "new, reliable
24 evidence" not presented at trial which shows Petitioner's alleged actual innocence of his crime
25 or his sentence. See House v. Bell, 547 U.S. at 537; Schlup, 513 U.S. at 324. As such,

---

[6]On February 8, 2011, the Ninth Circuit granted rehearing en banc in Lee v. Lampert, 610 F.3d 1125, 1133 (9th Cir. 2010), rehearing granted, 633 F.3d 1176 (9th Cir. 2011), to review a panel decision holding that the "actual innocence" exception to the statute of limitations does not exist. As per the order of the Ninth Circuit, the panel decision shall not be cited as precedent, and relief via the actual innocence gateway is not foreclosed.

Petitioner's actual innocence claim lacks merit.

### III. CONCLUSION

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Petitioner does not benefit from relation back, statutory tolling, equitable tolling, or alleged actual innocence.

Accordingly, the petition was not timely filed. Based on the foregoing, Respondent's motion to dismiss shall be granted.

### IV. RECOMMENDATION

The Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 8, 2011                         /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE